IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY P. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04 C 6777 |
| | ) |
| METROPOLITAN WATER | ) |
| RECLAMATION DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff Gary Myers was employed by the Metropolitan Water Reclamation District as a laboratory technician. He has sued the MWRD for violating the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 & 1983, and state law in connection with the termination of his employment. The MWRD has moved to dismiss Myers' complaint as time-barred. For the reasons stated below, the Court grants the MWRD's motion.

### Facts

The following facts are taken from Myers' complaint. In 1997, Myers requested an accommodation based on his sensitivity to workplace chemicals, and when this was denied he filed a charge of discrimination with the Illinois Department of Human Rights in 1998. Myers says that he was harassed by co-workers as a result, and that supervisors failed to investigate his report of the harassment. In June 1998, Myers asked a female co-worker who was wearing

perfume to stop because he was getting severe headaches. The co-worker reported the encounter to a supervisor, who asked her to document the incident. Evidently several co-workers of Myers claimed that he was a danger to himself and others; Myers says this is untrue and that they were coached to say this.

In July 1998, Myers was put on paid leave and was directed to undergo a psychiatric evaluation regarding his fitness to work on the grounds that he had engaged in "disruptive behavior." A psychiatrist found him unfit to work, and Myers was put on unpaid leave. In October 1998, Myers' lawyer demanded his reinstatement, and the MWRD replied that it would seek his discharge unless he took disability or medical leave. Myers was placed on medical leave through April 1999. In December 1999, Myers was told that he was suspended pending termination and that charges were being filed before the Civil Service Board seeking termination on the grounds that he had a condition that posed a threat to the health or safety of himself or others.

Myers obtained a report from his doctor stating that he was fit to return to work and did not pose a danger to anyone. He was unable to attend all the CSB's sessions on his case because he was in a carpentry apprenticeship program, but his wife attended when he could not. In December 2000, the MWRD filed a motion for default, though Myers says that his lawyer was not advised of this. In February 2001, the CSB granted the motion on the grounds Myers had not complied with discovery orders, had failed to appear, and had failed to contest the charges. He was officially terminated from the MWRD.

In November 2001, Myers filed a charge with the IDHR and EEOC alleging race and disability discrimination and retaliation. A right to sue letter was issued in July 2004, and Myers

filed this suit in October 2004.

## Discussion

In its motion to dismiss, the MWRD argues that Myers' EEOC and IDHR charge was untimely. A plaintiff is not required to negate, in his complaint, affirmative defenses like the statute of limitations, but if he pleads facts that shows that his claim is time-barred, dismissal is proper. *See, e.g., Kauthar SDN BHD v. Sternberg,* 149 F.3d 659, 670 (7th Cir. 1998).

Title VII and the ADA require a charge of discrimination to be filed within 300 days of the allegedly discriminatory conduct. *Flannery v. Recording Industry Ass'n of America,* 354 F.3d 632, 637 (7th Cir. 2004); *Stepney v. Naperville School Dist.,* 392 F.3d 236, 239 (7th Cir. 2004). The MWRD contends that the 300 day period began in December 1999 when Myers was suspended without pay pending termination; Myers contends that the period did not begin until February 2001 when the CSB formally terminated him.

Though Myers is correct that he was not terminated until the CSB acted, *see* 70 ILCS 2605/4.14, the time for filing a charge of discrimination began at the time of his suspension. A claim of discrimination accrues when the discriminatory act occurs, not when the consequences of that act become painful. *Chardon v. Fernandez,* 454 U.S. 6, 8 (1981); *Delaware State College v. Ricks,* 444 U.S. 250, 261 (1980). In Myers' case, that was when he was suspended pending termination, not when the CSB eventually denied his appeal and made his termination official. "[W]hen the first decision is connected to and implies the second – when, in other words, a single discriminatory decision is taken, communicated, and later enforced despite pleas to relent – the time starts with the initial decision." *Lever v. Northwestern University,* 979 F.2d 552, 556 (7th Cir. 1992). The discriminatory act claimed by Myers was the one taken by the MWRD in

3

December 1999. The CSB's decision simply confirmed this allegedly discriminatory act. Because Myers did not file his EEOC / IDHR charge within 300 days of December 20, 1999, his Title VII and ADA claims are time-barred. *See also Davidson v. Indiana-America Water Works*, 953 F.2d 1058, 1059 (7th Cir. 1992) (300 day period starts to run "on the date the defendant takes some adverse personnel action against plaintiff, and not when the full consequences of the action are felt.").

Myers' claim of a hostile work environment is also subject to dismissal. Myers did not include a claim of this type in his EEOC / IDHR charge – a separate reason to bar the claim – but even if the claim were deemed to somehow be incorporated, the alleged harassment occurred in June 1998, and in no way can be claimed to have extended beyond Myers' suspension in December 1999.

The continuing violation doctrine does not save Myers' Title VII or ADA claims. When the discriminatory action is a "discrete" (i.e. separate and distinct) act, as in this case, the time period for filing charges starts when the discriminatory action takes place. *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

Myers' claim under 42 U.S.C. § 1981 is subject to a four year statute of limitations, *see Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), but this claim accrued at the same time as his ADA and Title VII claims – that is, in December 1999. The same rules governing when the 300 day limitation begins to run under Title VII and the ADA also apply to the statute of limitations under § 1981 (*Ricks* itself involved a § 1981 claim).

Myers' § 1983 claim is based on his contention that the MWRD discriminated against him based on his race. This claim is governed by a two year statute of limitations. *E.g., Ashafa*

*v. City of Chicago*, 146 F.3d 664, 668 (7th Cir. 2002). The claim accrued for statute of limitations purposes when Myers knew or should have known that his constitutional rights were violated. *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002). Myers bases his claim on allegations that the MWRD requires fitness-for-duty examinations only for non-black employees; is more lenient with black employees regarding compliance with its employee handbook; and fails to investigate claims of harassment made by non-black employees; and allows black employees brought up for discharge before the CSB to remain at work pending the CSB's decision. Myers was aware of the latest of these incidents of disparate treatment no later than February 2001, when the CSB found against him. Because Myers did not file his § 1983 claim within two years of that date, the claim is barred.

Finally, Myers' state law claim, in which he alleges the MWRD fired him in retaliation for filing worker's compensation claims, is subject to a one year statute of limitations. 745 ILCS 10/8-104. This claim is time-barred for the same reasons described above – in fact it would be barred even if the state law statute of limitations did not begin to run until after the CSB's decision.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss [docket # 12-1]. The Clerk is directed to enter judgment in favor of the defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 11, 2005

5